134 P.3d 639

**BONNER COUNTY, Plaintiff–Appellant,**

v.

**BONNER COUNTY SHERIFF SEARCH AND RESCUE, INC., Defendant– Respondent.**

No. 31076.

Supreme Court of Idaho,
Coeur d'Alene, April 2006 Term.

April 21, 2006.

Bonner County Prosecuting Attorney, Sandpoint, for appellant. Louis E. Marshall, III, Deputy Prosecuting Attorney, argued.

Owens, James, Vernon & Weeks, Coeur d'Alene, for respondent. Susan P. Weeks argued.

EISMANN, Justice.

This is an appeal from the grant of summary judgment dismissing the complaint on the ground that it fails to state a claim upon which relief can be granted. The Plaintiff had sued seeking to require the Defendant to remove the word "Sheriff" from its corporate name. We affirm the judgment of the district court and award attorney fees on appeal.

## I.  FACTS AND PROCEDURAL HISTORY

Bonner County Sheriff Search and Rescue, Inc., (BCSSRI) was incorporated on March

21, 1996, as a non-profit corporation. The Bonner County Sheriff's Office was its registered office. One of the BCSSRI's purposes was to provide appropriate search-and-rescue resources to the Sheriff's Department when requested by and approved by the Sheriff. BCSSRI's volunteer members were trained in locating missing persons in wilderness, urban, and drowning situations and in administering first aid. From March 1996 until May 2002, BCSSRI's members responded to requests from the Sheriff's Department or other agencies for assistance with search and rescue operations. By letter dated June 13, 2002, the Bonner County Sheriff terminated his relationship with BCSSRI. In an earlier letter dated May 6, 2002, the Undersheriff had demanded that BCSSRI cease using any reference to the Sheriff's Office.

On April 7, 2003, Bonner County filed this lawsuit seeking an injunction requiring BCSSRI to delete "Sheriff" from its corporate name. BCSSRI moved for summary judgment, which the district court granted. It dismissed the complaint with prejudice and awarded BCSSRI attorney fees pursuant to Idaho Code § 12–117. Bonner County then appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in holding that Bonner County's complaint failed to state a claim upon which relief could be granted?
2. Did the district court err in awarding the respondent attorney fees?
3. Is the respondent entitled to an award of attorney fees on appeal?

## III. ANALYSIS

**A. Did the District Court Err in Holding that Bonner County's Complaint Failed to State a Claim upon which Relief Could Be Granted?**

■ BCSSRI filed a motion for summary judgment, contending that Bonner County's complaint failed to state a claim upon which relief could be granted. The district court granted that motion. Bonner County has not provided any authority supporting its cause of action, nor can it even define what cause of

action it was alleging. Its position is that BCSSRI's refusal to modify its corporate name is wrong and that the district court or this Court should be able to identify some existing cause of action or devise a new one to enable Bonner County to obtain its required relief. In essence, Bonner County simply argues "There oughta be a law" and asks us to create that law. It does not argue for the extension of any existing law; it asks us to create a law that would achieve what it desires. The only authority that Bonner County cites for its requested cause of action is California Penal Code § 146c, which makes it a misdemeanor to designate a nongovernmental organization by any name "that would reasonably be understood to imply that the organization is composed of law enforcement personnel" unless at least eighty percent of the voting members of the organization are active or retired law enforcement personnel or firefighters. Bonner County asserts that "California's statute provides important guidance for Idaho courts" and asks us to create a comparable law. Bonner County confuses the role of this Court with the role of the legislature. In 2005, the legislature acted in this area by amending Idaho Code § 30–3–27(2) as follows, "The corporate name: ... Shall not contain any word or phrase which *falsely* indicates or implies *government affiliation or* that it is organized for any purpose other than one (1) or more of the purposes contained in its articles of incorporation." Ch. 272, § 2, 2005 Idaho Sess. Laws 836, 838 (underlined words added by the amendment). We express no opinion as to whether that statute as amended provides Bonner County with the cause of action it desires. We cite it only to illustrate that Bonner County's appropriate course of action was to seek legislation, not to file a lawsuit and ask the court to create an appropriate law.

During oral argument, Justice Jones read Idaho Code § 30–3–27(2) as amended to counsel for Bonner County. Counsel responded that he had considered relying upon that statute before filing this lawsuit, but decided not to do so because he felt "that we perhaps would be estopped from arguing that section of the corporation act." Since that amendment to Idaho Code § 30–3–27(2)

was not passed until about two years after Bonner County filed the complaint and about eight months after judgment was entered, its counsel must have had amazing prescience.

Bonner County was unable to identify any cause of action upon which it could base its complaint. We therefore uphold the judgment of the district court dismissing the complaint.

**B. Did the District Court Err in Awarding the Respondent Attorney Fees?**

■ The district court awarded BCSSRI attorney fees pursuant to Idaho Code § 12–117. For attorney fees to be awardable under that statute, we must find that the County acted "without a reasonable basis in law or fact." The district court did not err in awarding BCSSRI attorney fees under Idaho Code § 12–117.

**C. Is the Respondent Entitled to an Award of Attorney Fees on Appeal?**

■ BCSSRI asks for an award of attorney fees on appeal pursuant to Idaho Code § 12–117. Bonner County certainly acted without a reasonable basis in law or fact in bringing this appeal. We therefore award BCSSRI attorney fees on appeal.

**IV. CONCLUSION**

We affirm the judgment of the district court, and we award the respondent costs, including a reasonable attorney fee, on appeal.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.